NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 14 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL NICHOLS; MINDY NICHOLS; GEORGIA NICHOLS, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> GIL FERNANDEZ; RAE FERNANDEZ; MATTHEW BEARD, <br><br> Defendants-Appellees. | No. 15-56641 <br><br> D.C. No. 5:14-cv-01553-PSG-AS <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Argued and Submitted April 3, 2017
Pasadena, California

Before: BEA and OWENS, Circuit Judges, and CHHABRIA,[**] District Judge.

Plaintiffs Michael Nichols, Mindy Nichols, and Georgia Nichols appeal

from the district court's grant of summary judgment in favor of Defendants, Palm

Springs police officers Gil Fernandez, Rae Fernandez, and Matthew Beard. We

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.
[**] The Honorable Vince G. Chhabria, United States District Judge for
the Northern District of California, sitting by designation.

have jurisdiction under 28 U.S.C. § 1291, and we affirm. As the parties are familiar with the facts, we repeat only those facts necessary to resolve the issues raised on appeal.

## 1. Defendants did not violate Plaintiffs' constitutional rights.

Plaintiffs claim that Defendants violated their due process rights by exposing them to danger. Under the state-created danger doctrine, state officials can be held liable when they "affirmatively and with deliberate indifference place[] an individual in danger she would not otherwise have faced." *Kennedy v. City of Ridgefield*, 439 F.3d 1055, 1066 (9th Cir. 2006). Before this Court, Plaintiffs claim that the district court erred in granting summary judgment because there is a triable issue of fact whether Officer Rae Fernandez ("Rae") "revealed [Plaintiffs'] identity as confidential informants" by filing two police reports and thereby violated the state-created danger doctrine.[1]

In the police report that Plaintiffs consider most objectionable, Rae states that she knew Michael and Mindy Nichols and that they were the owners of Palm Springs Finest and Collectibles (a pawn shop). This report also states that Rae texted Mindy, that Michael drove a burglary suspect at Rae's request to the

---

[1] Plaintiffs submitted unsigned, unsworn declarations to provide other evidence that Rae allegedly revealed Plaintiffs' identity. The district court did not abuse its discretion in excluding these declarations. *See Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002).

2

suspect's home, and that Mindy answered Rae's questions about whether Mindy had purchased stolen goods from the suspect. This police report was released only to the district attorney and to Mindy Nichols, and the other police report was released only to the district attorney and to the probation office.

Since the police reports did not expressly identify Plaintiffs as confidential informants and the reports were not disseminated to the public, Rae's decision to write and file the police reports did not place Plaintiffs in a "known or obvious" danger. *Kennedy*, 439 F.3d at 1064. Although Plaintiffs later experienced threats related to their work as confidential informants, Plaintiffs have not provided evidence that the police reports caused these threats. Thus, there is no evidence that Rae's actions or omissions created a specific danger other than that voluntarily accepted by Plaintiffs when they agreed to be confidential informants. *See Gatlin ex. rel. Estate of Gatlin v. Green*, 362 F.3d 1089, 1093–94 (8th Cir. 2004) (affirming a grant of summary judgment when the plaintiff, a confidential informant who was killed by retaliating gang members, claimed that the state failed to do more to protect him); *Summar on Behalf of Summar v. Bennet*, 157 F.3d 1054, 1060 n.2 (6th Cir. 1998) (affirming the dismissal of the plaintiff's § 1983 state-created danger claim because the officer did nothing to increase the risk the confidential informant had voluntarily assumed). Therefore, the district court did not err when it granted summary judgment in favor of Rae.

Plaintiffs do not provide evidence that Officers Gil Fernandez and Matthew Beard disclosed Plaintiffs' status as confidential informants or otherwise affirmatively endangered Plaintiffs. Since an individual can be held liable under 42 U.S.C. § 1983 only if that individual personally participated in the alleged civil rights violation, *Jones v. Williams*, 297 F.3d 930, 934–35 (9th Cir. 2002), the district court also did not err when it granted summary judgment in favor of Officers Gil Fernandez and Matthew Beard.

**2.  Rae is also entitled to qualified immunity.**

"[G]overnment officials performing discretionary functions" are entitled to qualified immunity. *Anderson v. Creighton*, 483 U.S. 635, 638 (1987). To evaluate a claim of qualified immunity, this Court considers (1) whether "the facts alleged show the official's conduct violated a constitutional right" and (2) whether "the right was clearly established" when the conduct took place. *Tarabochia v. Adkins*, 766 F.3d 1115, 1121 (9th Cir. 2014) (quoting *Robinson v. New York*, 566 F.3d 817, 821 (9th Cir. 2009)). A right is clearly established if a reasonable public official would know that her *specific conduct* was unconstitutional. *Cunningham v. Gates*, 229 F.3d 1271, 1287 (9th Cir. 2000) (citing *Creighton*, 483 U.S. at 636–37).

During the events in question, there was no established law that a police officer violates the state-created danger doctrine when she writes in a police report

4

that she knew certain individuals and worked with them on a case, even when those individuals happen to be confidential informants. *Even if* Rae filing the police report "affirmatively and with deliberate indifference placed [Plaintiffs] in danger [they] would not otherwise have faced," *Kennedy*, 439 F.3d at 1066, a reasonable police officer would not have known that this specific conduct was unconstitutional based on existing case law. Thus, Rae was also entitled to summary judgment based on qualified immunity.

**AFFIRMED.**